**BY:**   **Justin Robinette, Esquire**
**PA Supreme Court ID No.  319829**
**One Liberty Place**
**1650 Market Street, Suite 3600**
**PMB # 2494**
**Philadelphia, PA 19103**
**P: (267) 595-6254**
**F: (267) 592-3067**
**Justin@JRobinetteLaw.com**                    *Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATRINA GREEN,**<br>**3338 Richlieu Road, Apt H115**<br>**Bensalem, PA 19020,** | : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| **v.** | : <br> : |
| **LIGHTHOUSE COUNTRY COMMONS, LLC,**<br>**3338 Richlieu Road**<br>**Bensalem, PA 19020,** | : <br> : <br> : <br> : |
| **UNITED STATES OF AMERICA,**<br>**615 Chestnut Street, Suite 1250**<br>**Philadelphia, PA 19106,** | : <br> : <br> : <br> : |
| **ABC CORPORATION #1,** | : <br> : |
| **ABC CORPORATION #2,** | : <br> : |
| **ABC CORPORATION #3,** | : <br> : |
| **JOHN DOES and JANE DOES #1-10,** | : <br> : |
| **Defendants.** | : |

## CIVIL ACTION COMPLAINT

### I.   PARTIES:

1.   Plaintiff, Katrina Green, is an adult individual who, at all times relevant hereto, was a citizen and resident of Bensalem Township and the County of Bucks, in the Commonwealth of Pennsylvania, residing at the address set forth above.

2.      Defendant, Lighthouse Country Commons, LLC (hereinafter referred to as "Lighthouse Country Commons, LLC") is believed and, therefore, averred to be a corporation, partnership and/or other business, organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at the address set forth above, and which regularly conducts and transacts business in the County of Bucks, Commonwealth of Pennsylvania.

3.      Defendant, United States of America, is believed and, therefore, averred to be the entity, by and through the United States Department of Housing and Urban Development, that owned, possessed, and/or controlled the walkway of the public housing development at the relevant time where Plaintiff fell and became injured, which was on an area believed and averred to be a common area of 3338 Richlieu Road, Bensalem, PA 19020.  This Defendant can be served by personally delivering a copy of the Complaint and Summons to the United States Attorney for the Eastern District of Pennsylvania at 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106. *See* Fed. R. Civ. P. 4(i)(1)(A)(i).

4.      At all times relevant hereto, the employees and agents of the Defendant, United States of America, who were alleged to have committed the negligent acts and/or omissions described herein, acted at all times within the course and scope of their employment.

5.      Defendant, ABC Corporation #1, is believed and, therefore, averred to be a corporation, partnership and/or other business, organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at the address set forth above, and which regularly conducts and transacts business in the County of Bucks, Commonwealth of Pennsylvania.

6.      Defendant, ABC Corporation #2, is believed and, therefore, averred to be a corporation, partnership and/or other business, organized and existing under the laws of the

Commonwealth of Pennsylvania, with a place of business at the address set forth above, and which regularly conducts and transacts business in the County of Bucks, Commonwealth of Pennsylvania.

7.      Defendant, ABC Corporation #3, is believed and, therefore, averred to be a corporation, partnership and/or other business, organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at the address set forth above, and which regularly conducts and transacts business in the County of Bucks, Commonwealth of Pennsylvania.

8.      Defendants, ABC Corporation #1, ABC Corporation #2, and ABC Corporation #3 are fictitious names used to identify an unknown party, are averred to be an individual and/or entity, whose identity(ies) are and/or cannot be determined through reasonable investigation and/or are in the exclusive possession and control of the other Defendant(s) herein, and who may be responsible for ownership, maintenance, service, control, possession, and/or other safety or safeguarding of the walkway and premises herein described, as well as preventing trip and falls.

9.      Defendants John Does and Jane Does #1-10, are fictitious names used to identify an unknown party, is averred to be an individual and/or entity, whose identity(ies) are and/or cannot be determined through reasonable investigation and/or are in the exclusive possession and control of the other Defendant(s) herein, and who may be responsible for ownership, maintenance, service, control, possession, and/or other safety or safeguarding of the walkway and premises herein described, as well as preventing trip and falls.

## II.      JURISDICTION AND VENUE:

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff has asserted a claim against the United States of America under the Federal Tort Claim Act

("FTCA").

11.     On March 25, 2024, Plaintiff submitted a claim under the FTCA to the Department of Housing and Urban Development and the Federal Tort Claims Act Section of the U.S. Department of Justice. *See* Claim for Injury submitted by Plaintiff, attached hereto as Exhibit "A." Plaintiff's Engineering Expert's Walkway Evaluation as well as lien information pertaining to the injuries sustained were also supplied to HUD and to the U.S. Department of Justice with this correspondence, and are being omitted in the attached Exhibit "A."

12.     Plaintiff's claim under the FTCA was "deemed denied" and Plaintiff may initiate litigation "any time thereafter" as Plaintiff has not received a denial letter within six (6) months after filing the claim pursuant to 28 U.S.C. § 2675(a).

13.     This Court has supplemental jurisdiction over the related claims pled herein against Defendant, Lighthouse Country Commons, LLC, pursuant to 28 U.S.C. § 1367.

14.     This Court has jurisdiction over Defendants because Defendants contracts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Company v. State of Washington*, 326 U.S. 310 (1945), and its progeny.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.     MATERIAL FACTS:

16.     Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

17.     On all dates set forth herein, Plaintiff was a tenant lawfully on the premises of the property located at 3338 Richlieu Road, Bensalem, PA 19020.

4

18.     At all times relevant hereto, Plaintiff was a business invitee as Plaintiff was a person who was invited to enter or remain on the land of Defendants for a purpose directly or indirectly connected with business dealings with Defendants.  *See Gutteridge v. A.P. Green Servs., Inc.*, 2002 PA Super 198, 804 A.2d 643, 656 (Pa. Super. Ct. 2002).

19.     As a business invitee, Plaintiff was owed the highest duty of care a landowner and/or possessor of land can owe to persons lawfully traversing the same.  Id.

20.     At all times relevant hereto, and in the alternative, if necessary, Defendants owed Plaintiff a duty of reasonable care as a licensee to keep and maintain the subject premises in a reasonably safe condition and free of hazards under *Reitmeyer v. Sprecher*, 431 Pa. 284, 289 (Pa. 1968); Sections 323 and 357 of the Restatement (Second) of Torts; and Section 17.6 of the Restatement (Second) of Property.

21.     As an owner, occupier, and/or possessor of the subject premises, Defendants were required to exercise reasonable care not to endanger the safety of tenants, business invitees, licensees, and members of the public lawfully traversing the property, including Plaintiff.

22.     On or about November 28, 2022, on the property at 3338 Richlieu Road, Bensalem, PA 19020, Plaintiff was caused by the negligence of the Defendants to sustain injuries when she tripped and fell on a walkway which had been improperly constructed and maintained resulting in a defective and dangerous condition on the premises to the detriment of Plaintiff.  *See* Walkway Evaluation conducted by Plaintiff's Engineering Expert, attached hereto as *Exhibit "B."*

23.     The walkway was constructed and maintained with an improper slope or elevation.

24.     There was deterioration of the pavement around the guardrail in the area where Plaintiff fell.

5

25.     There was at no time a warning or any other indication to Plaintiff and/or other members of the public that the surface was excessively uneven or unsafe.

26.     Defendants and/or their agents, servants, and/or employees, did not inspect, survey, monitor, and/or walk through the property at regular and appropriate intervals in order to detect and repair the defective and dangerous condition that existed on the property.

27.     Defendants knew and/or should have known about the dangerous and defective condition of the premises herein described as presenting an unreasonable and unsafe tripping, stumbling, and falling hazard to Plaintiff, tenants, business invitees, licensees, and other members of the public lawfully traversing the property.

28.     Defendants failed to sufficiently repair the walkway such that when Plaintiff traversed the area, on or about November 28, 2022, Plaintiff was caused to trip, stumble, and fall resulting in severe and debilitating injuries to Plaintiff that continue to affect her to this day.

29.     The defective and dangerous condition was known to Defendants for a prolonged or unreasonable period of time, on property owned, occupied, maintained, controlled, and/or possessed by Defendants.

30.     Defendants knew and/or should have known that failing to repair and maintain the area in a safe and code-compliant manner, failing to sufficiently monitor, inspect, survey, and/or walk through the premises, and/or by failing to provide any warning or anything else at or near the scene warning of the presence of the defective condition before Plaintiff fell and became injured, would present tenants, business invitees, licensees, and members of the public, including Plaintiff, with an unreasonable tripping, stumbling, and falling hazard.

31.     Defendants knew and/or should have known that tenants, business invitees, licensees, and members of the public, including Plaintiff, would traverse the area of the property

where the defective and dangerous condition was located, but Defendants allowed the defective and dangerous condition to remain on the property to the detriment of Plaintiff.

32.    Defendants failed to act reasonably including but not limited to failing to repair and maintain the area in a safe and code-compliant manner, failing to sufficiently monitor, inspect, survey, and/or walk through the premises, and/or by failing to provide any warning, sign, barrier, cone, tape, or anything else at or near the scene warning of the presence of the defective condition before Plaintiff fell and became injured.

33.    At all times relevant hereto, Defendants failed to maintain a safe path, ingress, and/or egress at the property, presenting an unreasonable tripping, stumbling, and falling hazard to tenants, business invitees, licensees, and members of the public, including Plaintiff.

34.    Defendants, at all times relevant hereto, failed to maintain the area in compliance with the Pennsylvania Construction Code, at 35 P.S. §§ 7210.101-7210.1103; provisions of the International Building Code ("IBC"); provisions of the International Residential Code ("IRC"); and other relevant statutes, codes, and/or ordinances, constituting negligence *per se.*

35.    At all times relevant hereto, Defendants had actual or constructive notice/knowledge of the defective condition on the property, but Defendants did not take measures to properly correct or properly remediate the problem before Plaintiff encountered the same and became injured.

36.    At all times material hereto, Defendants acted by and through their respective owners, agents, managers, supervisors, servants, workmen and/or employees who were acting within the course and scope of their agency, relationship and/or employment.

37.     Plaintiff was directly and proximately caused by the negligence of the Defendants to become seriously injured on the property owned, possessed, managed, and/or maintained by the Defendants.

38.     Plaintiff presented to the Emergency Department following the severe injuries Plaintiff sustained.

39.     Plaintiff suffered traumatic brain injuries including but not limited to a subdural hematoma, and also suffered an arm/radial styloid process fracture, among other injuries and damages, on account of the negligence of Defendants in causing Plaintiff to trip, stumble, fall, and become severely injured on the subject walkway.

40.     Plaintiff was subsequently forced to undergo treatment at Princeton Brain and Spine on account of the negligence of Defendants.

41.     Plaintiff was subsequently forced to undergo medical care and treatment on account of the negligence of Defendants.

42.     As a direct and proximate result of Defendants' negligence, and Defendants' breaches of duties to Plaintiff, Plaintiff suffered from the following injuries and damages including, but not limited to:

       a.     Traumatic brain injuries;

       b.     Subdural hematoma;

       c.     Neurological issues;

       d.     Chronic migraines;

       e.     Memory problems;

       f.     Arm fracture/fracture of radial styloid process;

       g.     Injuries to head, right arm, and right side;

h.    Muscle spasms;

i.    Muscle weakness;

j.    Sprain and strain;

k.    Soft tissue injuries;

l.    Hypertrophy;

m.    Hypertonicity;

n.    Nerve injuries and damages;

o.    Decreased range of motion, motion restriction, stiffness, and immobility;

p.    Tightness;

q.    Being limited in the ability to perform activities of daily living;

r.    Loss of physical function;

s.    Pain and suffering;

t.    Humiliation and embarrassment;

u.    Loss of enjoyment of life and life's pleasures;

v.    Mental anguish;

w.    Emotional distress;

x.    Such other bodily injuries and/or damages as revealed in discovery.

43.    But for Defendants' negligence, Plaintiff would not have become injured as described above.

44.    All of Plaintiff's losses are due to the negligence of Defendants, individually, and/or jointly and severally, without any lack of care or action or inaction of Plaintiff contributing thereto.

## IV.    CLAIMS FOR RELIEF:

### COUNT I:
### NEGLIGENCE – PREMISES LIABILITY
### (PLAINTIFF, KATRINA GREEN v. DEFENDANTS, LIGHTHOUSE COUNTRY COMMONS, LLC; ABC CORPORATION #1; ABC CORPORATION #2; ABC CORPORATION #3; JOHN DOES AND JANE DOES #1-10)

45.    Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

46.    At all times relevant hereto, Plaintiff was a tenant who rented property owned, controlled, maintained, and/or possessed by Defendants located at 3338 Richlieu Road, Bensalem, PA 19020.

47.    At all times relevant hereto, Plaintiff was a business invitee owed the highest duty of care a landowner and/or possessor of property can owe to persons lawfully traversing the property, by virtue of the fact that Plaintiff was a person who was invited to enter or remain on the property of Defendants for a purpose directly or indirectly connected with the business dealings of Defendants.  *See Gutteridge v. A.P. Green Servs., Inc.*, 2002 PA Super 198, 804 A.2d 643, 656 (Pa. Super. Ct. 2002).

48.    At all times relevant hereto, and pled in the alternative, if necessary, Plaintiff was, at all times relevant hereto, a licensee owed a duty of reasonable care by the Defendants to keep and maintain the property in a reasonably safe condition, and free of hazards, under *Reitmeyer v. Sprecher*, 431 Pa. 284, 289 (Pa. 1968); Sections 323 and 357 of the Restatement (Second) of Torts; and Section 17.6 of the Restatement (Second) of Property.

49.    At all times relevant hereto, Defendants owned, operated, managed, controlled and/or maintained the subject property and had a duty to inspect and to maintain it in a safe,

habitable and code-compliant manner for the safety of all visitors, customers, employees, business invitees, tenants, and licensees.

50.    Section 385 of the Restatement (Second) of Torts ("Persons Creating Artificial Conditions on Land on Behalf of Possessor: Physical Harm Caused After Work has been Accepted"), further provides,

> One who on behalf of the possessor of land erects a structure or creates any other condition thereon is subject to liability to others upon or outside of the land for physical harm caused to them by the dangerous character of the structure or condition after his work has been accepted by the possessor, under the same rules as those determining the liability of one who as manufacturer or independent contractor makes a chattel for the use of others.

Restatement (Second) of Torts § 385 (1965).

51.    Plaintiff was severely injured on the property of Defendants, on or about November 28, 2022, when she encountered a dangerous and defective condition causing Plaintiff to fall and become injured.

52.    At all times relevant hereto, Defendants failed to maintain a safe path, ingress, and/or egress to Plaintiff's unit, presenting an unreasonable tripping, stumbling, and falling hazard to tenants, business invitees, licensees, and members of the public, including Plaintiff.

53.    It is believed and therefore averred that the defective and dangerous condition existed on the property for a prolonged period of time before Plaintiff fell and became injured.

54.    Defendants had actual and/or constructive notice or knowledge of the defective and dangerous condition for a prolonged period of time before Plaintiff fell and became injured.

55.    Defendants knew or should have known of the defective and dangerous condition of the walkway before Plaintiff fell and became injured.

56.     Defendants had ample opportunity to remedy the known dangerous and defective condition prior to Plaintiff falling but the Defendants failed to do so.

57.     The aforesaid occurrence was solely and proximately caused by the negligence of Defendants, their owners, agents, servants, workmen, representatives and/or employees.

58.     The negligence of the Defendants consisted of the following breaches in the duties owed to Plaintiff:

      a.     The walkway was constructed and maintained with an improper slope or elevation.  Defendants were negligent in constructing and/or maintaining an excessively steep ramp.

      b.     There was deterioration of the pavement around the guardrail in the area where Plaintiff fell.

      c.     There was at no time a warning or any other indication to Plaintiff and/or other members of the public that the surface was excessively uneven or unsafe.

      d.     Defendants were negligent in failing to properly repair and maintain the area in a safe and code-compliant manner;

      e.     Constructing and/or maintaining the area in a negligent manner;

      f.     Failing to properly construct the walkway in a safe and reasonable manner such that the pavement would not unreasonably degrade;

      g.     Failing to maintain the premises, including but not limited to the area where Plaintiff fell, in a reasonably safe condition;

      h.     Failing to remedy the dangerous condition within a reasonable time after receiving notice of the condition;

i.    Failing to correct the dangerous, defective, and hazardous condition that Defendants allowed to exist on the property, of which Defendants were aware or should have been aware through reasonable inspection and prudent care;

j.    Failing to properly supervise and inspect the area to ensure safety to Plaintiff, tenants, and all persons thereon;

k.    Failing to properly monitor, survey, walk through, and/or inspect the area for hazardous and unsafe conditions, and/or failing to sufficiently monitor, survey, walk through, and/or inspect the area for hazardous and unsafe conditions;

l.    Failing to give proper and adequate notice of the defective, dangerous, and hazardous condition on the property to Plaintiff before Plaintiff fell and became injured;

m.    Failing to place, erect, and maintain appropriate barriers and/or safeguards around the defective and dangerous portion of the property;

n.    Failing to provide any warning, sign, barrier, cone, tape, or anything else at or near the scene warning of the presence of the defective condition before Plaintiff fell and became injured;

o.    Creating a dangerous, defective, and hazardous condition through improper construction, maintenance, and inspection;

p.    Permitting the property to remain in a dangerous state to the prejudice of Plaintiff;

q.    Disregarding the rights and safety of those persons lawfully on the property;

r.    Permitting and allowing, by and through their agents, servants, workmen, employees, supervisors, and/or contractors, a dangerous, defective, and hazardous condition to exist when Defendants knew and/or should have known that such negligence of its agents, servants, workmen, employees, supervisors, and/or contractors would create a severe risk of physical harm to those persons walking thereon;

s.    Failing to comply with the duty to perform work on the property in a skillful and workmanlike manner;

t.    Defective workmanship;

u.    Negligence *per se* for failing to install, construct and/or maintain the walkway in compliance with local applicable building, housing, fire, plumbing, and/or other codes;

v.    Failing to comply with the International Building Code and/or International Property Maintenance Code, constituting negligence *per se*;

w.    Failing to comply with the ASTM F 1637 *Standard Practice for Safe Walking Surfaces*, constituting negligence *per se*;

x.    Failing to comply with the provisions of the Pennsylvania Construction Code, 35 P.S. §§ 7210.101 – 7210.1103, constituting negligence *per se*;

y.    Failing to comply with Title 34, Labor and Industry, Part XIV, Uniform Construction Code, Chapters 401-405, and/or Annex A (Training and Certification), constituting negligence *per se*;

14

z.     Failing to comply with the International Building Code ("IBC"), 2009 edition, Chapters 2-29 and 31-35, as published in the 2009 International Building Code, published by the International Code Council, Inc., constituting negligence *per se*;

aa.    Failing to comply with Appendices E, H, and J of the 2009 International Building Code, as published in the 2009 International Building Code, published by the International Code Council, Inc., constituting negligence *per se*;

bb.    Failing to comply with the provisions of the International Residential Code ("IRC"), 2009 edition, as published in the 2009 International Residential Code, published by the International Code Council, Inc., constituting negligence *per se*;

cc.    Failing to comply with Sections AE501-AE503 and AE601-AE605 of Appendix E of the 2009 International Residential Code, published by the International Code Council, Inc., constituting negligence *per se*;

dd.    Failing to comply with the provisions of the International Existing Building Code, 2009 edition, as published in the 2009 International Existing Building Code, published by the International Code Council, Inc., constituting negligence *per se*;

ee.    Failing to comply with Americans with Disabilities Act ("ADA") accessibility standards.

*See*, *e.g.*, Plaintiff's Engineering Expert Report, attached hereto as Exhibit "B."

59.    Each of the afore-mentioned breaches was a direct and proximate cause of the harm and damages suffered by Plaintiff as described more fully herein.

60.    The severe and permanent injuries Plaintiff sustained were a foreseeable consequence of Defendants' afore-mentioned negligence.

61.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered and continues to suffer from severe, permanent, and life-altering injuries and damages, including, but not limited to:

a.    Traumatic brain injuries;

b.    Subdural hematoma;

c.    Neurological issues;

d.    Chronic migraines;

e.    Memory problems;

f.    Arm fracture/fracture of radial styloid process;

g.    Injuries to head, right arm, and right side;

h.    Muscle spasms;

i.    Muscle weakness;

j.    Sprain and strain;

k.    Soft tissue injuries;

l.    Hypertrophy;

m.    Hypertonicity;

n.    Nerve injuries and damages;

o.    Decreased range of motion, motion restriction, stiffness, and immobility;

p.    Tightness;

16

q.    Being limited in the ability to perform activities of daily living;

r.    Loss of physical function;

s.    Pain and suffering;

t.    Humiliation and embarrassment;

u.    Loss of enjoyment of life and life's pleasures;

v.    Mental anguish;

w.    Emotional distress;

x.    Such other bodily injuries and/or damages as revealed in discovery.

62.    On account of the negligence of the Defendants, after becoming injured, Plaintiff presented to the Emergency Department.

63.    Solely by reason of Defendants' negligence, Plaintiff was forced to undergo medical care and treatment all in an effort to repair her injuries.

64.    Solely by reason of Defendants' negligence, Plaintiff has incurred past medical expenses and will incur future medical care, treatment, and expenses.

65.    All of the medical care and treatment received on account of Plaintiff's injuries, as described above, and the expenses incurred related thereto, were reasonable, necessary, and related.

66.    Solely by reason of Defendants' negligence, Plaintiff has been severely limited in her activities of daily living.

67.    Solely as a result of Defendants' negligence, Plaintiff was unable to perform her usual duties, occupations, and avocations.

68.     Solely as a result of Defendants' negligence, Plaintiff suffered and continues to suffer from pain and suffering, humiliation and embarrassment, loss of enjoyment of life, and loss of life's pleasures for which she seeks damages.

69.     As a further result of Defendants' negligence, Plaintiff has sustained and makes claims for loss of physical function, and any and all other damages to which she is or may be entitled under the laws of the Commonwealth of Pennsylvania.

70.     Count I is not brought against the United States of America.

**WHEREFORE**, Plaintiff, Katrina Green, demands judgment in her favor and against the Defendants, individually, and/or jointly and severally, in an amount in excess of one hundred and fifty thousand dollars ($150,000.00), and such other and further relief as this Court deems just and appropriate under the circumstances including interest, costs, and delay damages.

**COUNT II:**
**NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION**
**(PLAINTIFF, KATRINA GREEN v. DEFENDANTS, LIGHTHOUSE COUNTRY**
**COMMONS, LLC; ABC CORPORATION #1; ABC CORPORATION #2; ABC**
**CORPORATION #3; JOHN DOES AND JANE DOES #1-10)**

71.     Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

72.     At all times relevant hereto, Defendants owned, operated, managed, controlled and/or maintained the subject property and had a duty to inspect and to maintain it in a safe, habitable and code-compliant manner for the safety of all visitors, customers, employees, business invitees, tenants, and licensees.

73.     Plaintiff was a business invitee and/or licensee lawfully on the property, on or about November 28, 2022, when Plaintiff was caused to fall on the property and become injured on account of the negligence of the Defendants.

74.     Defendants had actual and/or constructive notice or knowledge of the defective and dangerous condition of the subject property for a prolonged period of time before Plaintiff fell and became injured.

75.     Defendants knew or should have known of the defective and dangerous condition of the walkway before Plaintiff fell and became injured.

76.     The negligence of the Defendants consisted of the following breaches in the duties owed to Plaintiff:

a.      Failure to hire and/or otherwise retain qualified and competent individuals including but not limited to contractors and/or subcontractors;

b.      Hiring incompetent third-party contractors and/or subcontractors;

c.      Failure to properly screen contractors and/or sub-contractors;

d.      Retaining unqualified contractors and/or subcontractors;

e.      Retaining unqualified contractors and/or subcontractors despite knowledge that they did not understand their legal requirements;

f.      Failure to delegate to a qualified and competent company or individual;

g.      Failure to train contractors, subcontractors, agents, servants, employees, and/or workmen;

h.      Failure to properly inform and/or instruct contractors and/or subcontractors;

i.      Failure to communicate with contractors and/or sub-contractors;

j.      Failure to monitor or supervise contractors, subcontractors, agents, servants, employees, and/or workmen;

77.     Each of the afore-mentioned breaches was a direct and proximate cause of the harm and damages suffered by Plaintiff as described more fully herein.

78.     The aforesaid occurrence was solely and proximately caused by the negligence of Defendants, their owners, agents, servants, workmen, representatives and/or employees.

79.     All of Plaintiff's losses are due to the negligence of Defendants, without any lack of care or action or inaction of Plaintiff contributing thereto.

80.     Count II is not brought against the United States of America.

**WHEREFORE**, Plaintiff, Katrina Green, demands judgment in her favor and against the Defendants, individually, and/or jointly and severally, in an amount in excess of one hundred and fifty thousand dollars ($150,000.00), and such other and further relief as this Court deems just and appropriate under the circumstances including interest, costs, and delay damages.

### COUNT III:
### NEGLIGENCE – FEDERAL TORT CLAIMS ACT ("FTCA") –
### 28 U.S.C. §§ 1346(b), 2671-2680
### (PLAINTIFF, KATRINA GREEN v. DEFENDANT, UNITED STATES OF AMERICA)

81.     Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

82.     At all times relevant hereto, Plaintiff was a tenant who rented property owned, controlled, maintained, and/or possessed by Defendant located at 3338 Richlieu Road, Bensalem, PA 19020.

83.     At all times relevant hereto, Plaintiff was a business invitee owed the highest duty of care a landowner and/or possessor of property can owe to persons lawfully traversing the property, by virtue of the fact that Plaintiff was a person who was invited to enter or remain on the property of Defendant for a purpose directly or indirectly connected with the business dealings of Defendant.  *See Gutteridge v. A.P. Green Servs., Inc.*, 2002 PA Super 198, 804 A.2d 643, 656 (Pa. Super. Ct. 2002).

84.     At all times relevant hereto, and pled in the alternative, if necessary, Plaintiff was, at all times relevant hereto, a licensee owed a duty of reasonable care by the Defendant to keep and maintain the property in a reasonably safe condition, and free of hazards, under *Reitmeyer v. Sprecher*, 431 Pa. 284, 289 (Pa. 1968); Sections 323 and 357 of the Restatement (Second) of Torts; and Section 17.6 of the Restatement (Second) of Property.

85.     At all times relevant hereto, Defendant owned, operated, managed, controlled and/or maintained the subject property and had a duty to inspect and to maintain it in a safe, habitable and code-compliant manner for the safety of all visitors, customers, employees, business invitees, tenants, and licensees.

86.     Plaintiff was severely injured on the property of Defendant, on or about November 28, 2022, when she encountered a dangerous and defective condition causing Plaintiff to fall and become injured.

87.     At all times relevant hereto, Defendants failed to maintain a safe path, ingress, and/or egress to Plaintiff's unit, presenting an unreasonable tripping, stumbling, and falling hazard to tenants, business invitees, licensees, and members of the public, including Plaintiff.

88.     It is believed and therefore averred that the defective and dangerous condition existed on the property for a prolonged period of time before Plaintiff fell and became injured.

89.     Defendant had actual and/or constructive notice or knowledge of the defective and dangerous condition for a prolonged period of time before Plaintiff fell and became injured.

90.     Defendant knew or should have known of the defective and dangerous condition of the walkway before Plaintiff fell and became injured.

91.     Defendant had ample opportunity to remedy the known dangerous and defective condition prior to Plaintiff falling but the Defendants failed to do so.

92.     The aforesaid occurrence was solely and proximately caused by the negligence of Defendant, its owners, agents, servants, workmen, representatives and/or employees.

93.     The negligence of the Defendant consisted of the following breaches in the duties owed to Plaintiff:

a.    The walkway was constructed and maintained with an improper slope or elevation.  Defendant was negligent in constructing and/or maintaining an excessively steep ramp.

b.    There was deterioration of the pavement around the guardrail in the area where Plaintiff fell.

c.    There was at no time a warning or any other indication to Plaintiff and/or other members of the public that the surface was excessively uneven or unsafe.

d.    Defendant was negligent in failing to properly repair and maintain the area in a safe and code-compliant manner;

e.    Constructing and/or maintaining the area in a negligent manner;

f.    Failing to properly construct the walkway in a safe and reasonable manner such that the pavement would not unreasonably degrade;

g.    Failing to maintain the premises, including but not limited to the area where Plaintiff fell, in a reasonably safe condition;

h.    Failing to remedy the dangerous condition within a reasonable time after receiving notice of the condition;

i.    Failing to correct the dangerous, defective, and hazardous condition that Defendant allowed to exist on the property, of which Defendant was aware or should have been aware through reasonable inspection and prudent care;

j.    Failing to properly supervise and inspect the area to ensure safety to Plaintiff, tenants, and all persons thereon;

k.    Failing to properly monitor, survey, walk through, and/or inspect the area for hazardous and unsafe conditions, and/or failing to sufficiently monitor, survey, walk through, and/or inspect the area for hazardous and unsafe conditions;

l.    Failing to give proper and adequate notice of the defective, dangerous, and hazardous condition on the property to Plaintiff before Plaintiff fell and became injured;

m.    Failing to place, erect, and maintain appropriate barriers and/or safeguards around the defective and dangerous portion of the property;

n.    Failing to provide any warning, sign, barrier, cone, tape, or anything else at or near the scene warning of the presence of the defective condition before Plaintiff fell and became injured;

o.    Failing to comply with the duty to perform work on the property in a skillful and workmanlike manner;

p.    Defective workmanship;

q.    Negligence *per se* for failing to install, construct and/or maintain the walkway in compliance with local applicable building, housing, fire, plumbing, and/or other codes;

r.    Failing to comply with the International Building Code and/or International Property Maintenance Code, constituting negligence *per se*;

s.    Failing to comply with the ASTM F 1637 *Standard Practice for Safe Walking Surfaces*, constituting negligence *per se*;

t.    Failing to comply with the provisions of the Pennsylvania Construction Code, 35 P.S. §§ 7210.101 – 7210.1103, constituting negligence *per se*;

u.    Failing to comply with Title 34, Labor and Industry, Part XIV, Uniform Construction Code, Chapters 401-405, and/or Annex A (Training and Certification), constituting negligence *per se*;

v.    Failing to comply with the International Building Code ("IBC"), 2009 edition, Chapters 2-29 and 31-35, as published in the 2009 International Building Code, published by the International Code Council, Inc., constituting negligence *per se*;

w.    Failing to comply with Appendices E, H, and J of the 2009 International Building Code, as published in the 2009 International Building Code, published by the International Code Council, Inc., constituting negligence *per se*;

x.    Failing to comply with the provisions of the International Residential Code ("IRC"), 2009 edition, as published in the 2009 International Residential Code, published by the International Code Council, Inc., constituting negligence *per se*;

y.      Failing to comply with Sections AE501-AE503 and AE601-AE605 of Appendix E of the 2009 International Residential Code, published by the International Code Council, Inc., constituting negligence *per se*;

z.      Failing to comply with the provisions of the International Existing Building Code, 2009 edition, as published in the 2009 International Existing Building Code, published by the International Code Council, Inc., constituting negligence *per se*;

aa.    Failing to comply with Americans with Disabilities Act ("ADA") accessibility standards.

*See*, *e.g.*, Plaintiff's Engineering Expert Report, attached hereto as Exhibit "B."

94.    Each of the afore-mentioned breaches was a direct and proximate cause of the harm and damages suffered by Plaintiff as described more fully herein.

95.    The severe and permanent injuries Plaintiff sustained were a foreseeable consequence of the afore-mentioned negligence of Defendants' agents or employees acting within the course and scope of their employment.

96.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered and continues to suffer from severe, permanent, and life-altering injuries and damages, including, but not limited to:

a.      Traumatic brain injuries;

b.      Subdural hematoma;

c.      Neurological issues;

d.      Chronic migraines;

e.      Memory problems;

f.      Arm fracture/fracture of radial styloid process;

g.      Injuries to head, right arm, and right side;

h.      Muscle spasms;

i.      Muscle weakness;

j.      Sprain and strain;

k.      Soft tissue injuries;

l.      Hypertrophy;

m.      Hypertonicity;

n.      Nerve injuries and damages;

o.      Decreased range of motion, motion restriction, stiffness, and immobility;

p.      Tightness;

q.      Being limited in the ability to perform activities of daily living;

r.      Loss of physical function;

s.      Pain and suffering;

t.      Humiliation and embarrassment;

u.      Loss of enjoyment of life and life's pleasures;

v.      Mental anguish;

w.      Emotional distress;

x.      Such other bodily injuries and/or damages as revealed in discovery.

97.    On account of the negligence of the Defendant, after becoming injured, Plaintiff presented to the Emergency Department.

98.    Solely by reason of Defendant's negligence, Plaintiff was forced to undergo medical care and treatment all in an effort to repair her injuries.

99.     Solely by reason of Defendant's negligence, Plaintiff has incurred past medical expenses and will incur future medical care, treatment, and expenses.

100.    All of the medical care and treatment received on account of Plaintiff's injuries, as described above, and the expenses incurred related thereto, were reasonable, necessary, and related.

101.    Solely by reason of Defendant's negligence, Plaintiff has been severely limited in her activities of daily living.

102.    Solely as a result of Defendant's negligence, Plaintiff was unable to perform her usual duties, occupations, and avocations.

103.    Solely as a result of Defendant's negligence, Plaintiff suffered and continues to suffer from pain and suffering, humiliation and embarrassment, loss of enjoyment of life, and loss of life's pleasures for which she seeks damages.

104.    As a further result of Defendant's negligence, Plaintiff has sustained and makes claims for loss of physical function, and any and all other damages to which she is or may be entitled under the laws of the Commonwealth of Pennsylvania.

105.    On March 25, 2024, Plaintiff submitted a claim under the FTCA to the Department of Housing and Urban Development and the Federal Tort Claims Act Section of the U.S. Department of Justice.  *See* Claim for Injury submitted by Plaintiff, attached hereto as Exhibit "A."  Plaintiff's Engineering Expert's Walkway Evaluation as well as lien information pertaining to the injuries sustained were also supplied to HUD and to the U.S. Department of Justice with this correspondence, and are being omitted in the attached Exhibit "A."

106.    Plaintiff's claim under the FTCA was "deemed denied" and Plaintiff may initiate litigation "any time thereafter" as Plaintiff has not received a denial letter within six (6) months

after filing the claim pursuant to 28 U.S.C. § 2675(a).

**WHEREFORE**, Plaintiff, Katrina Green, demands judgment in her favor and against the Defendant, United States of America, in an amount in excess of one hundred and fifty thousand dollars ($150,000.00), and such other and further relief as this Court deems just and appropriate under the circumstances including interest, costs, and delay damages.

## **<u>JURY DEMAND</u>**

Plaintiffs hereby demands a jury of eight (8) members on all counts so triable.

DATED:  <u>11/26/2024</u>                              Respectfully submitted,

Justin Robinette, Esquire
PA Supreme Court I.D. No. 319829
One Liberty Place,
1650 Market Street, Suite 3600
PMB #2494
Philadelphia, PA 19103
Tel: (267) 595-6254
Fax: (267) 592-3067
Justin@JRobinetteLaw.com

*Attorney for Plaintiff*