**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KATRINA GREEN,<br><br>    *Plaintiff*,<br><br>  v.<br><br>LIGHTHOUSE COUNTRY COMMONS, LLC, UNITED STATES OF AMERICA, ABC CORPORATION # 1, ABC CORPORATION # 2, ABC CORPORATION # 3, JOHN DOES and JANE DOES # 1-10,<br><br>    *Defendants*.<br><br>LIGHTHOUSE COUNTRY COMMONS, LLC<br><br>    *Third Party Plaintiff*,<br><br>  v.<br><br>PYRAMID ETC COMPANIES, LLC,<br>275 North Franklin Turnpike<br>Ramsey, NJ 07446<br><br>    *Third Party Defendant*. | Civil Action No. 2:24-cv-06330<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT/THIRD-PARTY PLAINTIFF LIGHTHOUSE COUNTRY COMMONS, LLC'S THIRD-PARTY COMPLAINT AGAINST PYRAMID ETC COMPANIES, LLC**

  Pursuant to Fed. R. Civ. P. 14 (a)(5), Defendant and Third-Party Plaintiff Lighthouse Country Commons, LLC, by and through its undersigned counsel, hereby files this Third-Party Complaint against Pyramid ETC Companies, LLC, and in support thereof alleges as follows:

**THE PARTIES**

  1.  Plaintiff Katrina Green ("Plaintiff") is an individual who, upon information and belief, resides in the Commonwealth of Pennsylvania.

2.  Defendant and Third-Party Plaintiff, Lighthouse Country Commons, LLC ("Lighthouse"), is a Pennsylvania limited liability company with an address at 3338 Richlieu Road, Bensalem, PA 19020, which is wholly owned by OAHS Country Commons LP ("OAHS"), a Delaware limited partnership.

3.  Defendant, United States of America, was named by Plaintiff as a defendant in this action pursuant to the Federal Tort Claims Act ("FTCA").

4.  Defendants, ABC Corporation # 1, ABC Corporation # 2, ABC Corporation # 3, and John and Jane Does # 1-10 are fictitious names used by Plaintiff to identify parties unknown to Plaintiff allegedly responsible for the ownership, maintenance, service, control, possession, safety and/or safeguarding of the location where Plaintiff's fall is alleged to have occurred.

5.  Third-Party Defendant, Pyramid ETC Companies, LLC ("Pyramid") is, upon information and belief, a New Jersey limited liability company, with its principal place of business and registered address at 275 North Franklin Turnpike, Ramsey, NJ 07446, which regularly and routinely conducts business in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

6.  As of the time of this filing, jurisdiction is proper in this case pursuant to 28 U.S.C. § 1331, as Plaintiff has named the United States of America as a defendant under the FTCA, and 28 U.S.C. § 1367 vests this Court with subject matter jurisdiction over related claims.

7.  This Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367 (a), as the claims set forth herein are so closely related to the claims at issue in this litigation that they form part of the same case or controversy.

8.     Venue is properly in this Court pursuant to 28 U.S.C. § 1391 (b)(2), as the judicial district where a substantial part of the events or omissions giving rise to the alleged claim occurred and where the property at issue in this litigation is situated.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Lawsuit

9.     On November 26, 2024, Plaintiff initiated the present action, captioned *Katrina Green v. Lighthouse Country Commons, LLC*, 2:24-cv-06330, by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania. A copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

10.    This action arises out of alleged personal injuries sustained by Plaintiff on or about November 28, 2022, at property owned by Lighthouse and located at 3338 Richlieu Road, Bensalem, PA 19020 (the "Premises").

11.    Specifically, Plaintiff alleges that on November 28, 2022, she was caused to "sustain injuries when she tripped and fell on a walkway which had been improperly constructed and maintained resulting in a defective and dangerous condition on the premises to the detriment of Plaintiff." *See* Ex. 1 at ¶ 22.

12.    With regard to the alleged defective and dangerous condition of the walkway, Plaintiff further alleges that it was "constructed and maintained with an improper slope or elevation" and "[t]here was deterioration of the pavement around the guardrail." *See id.* at ¶¶ 23-24.

13.    In support of her claims, Plaintiff attaches a Walkway Evaluation conducted by purported engineering expert Tim Sass, PE, LEED of SassCO Engineering, Inc., who opines, in relevant part, that the walkway and ramp in question "fail to meet building code requirements and

3

industry standards" and feature an "excessively steep ramp [and] cracked and missing pavement." *See id.* at Ex. "B."

14. In his report, Mr. Sass specifically opines that the ramp measure as steep as 6.9 degrees (11.5 % slope) and violates International Building Code (IBC) Section 1012.2, *Ramp Slope,* that the walkway violates International Property Maintenance Code (IPMC) Chapter 3 Section 302.3, *Sidewalks and Driveways*, and that both the ramp and walkways violate IPMC Section 108.1.5, *Dangerous Structure of Premises*, IPMC Section 304.1.1, *Exterior Structure Unsafe Conditions*, and Bensalem Township Municipal Code Section 197-51, *Maintaining Public Rights-of-Way Abutting Private Responsibility: Owner's Responsibility*, Americans with Disabilities Act (ADA) Section 405.2, *Ramp Slope*, and the American Society for Testing and Materials (ASTM) Industry Standards ASTM F 1637, *Standard Practice of Safe Walking Surfaces*. *See id.*

15. Plaintiff asserts claims against Lighthouse sounding in negligence. *See generally* Ex. 1.

16. Plaintiff alleges that she has suffered "severe, permanent, and life-altering injuries and damages" as a result of the alleged incident, including but not limited to traumatic brain injuries, subdural hematoma, neurological issues, chronic migraines, memory problems, and arm fracture/fracture of radial styloid process. *See* Ex. 1 at ¶ 61.

17. Lighthouse has denied the vast majority of Plaintiff's allegations in its Answer with Affirmative Defenses. A copy of Lighthouse's Answer with Affirmative Defenses is attached hereto as Exhibit 2.

18.     Without admitting any of the averments in Plaintiff's Complaint, Lighthouse incorporates by reference the factual averments in the Complaint for purposes of this Third Party Complaint.

19.     Lighthouse alleges in its Affirmative Defenses *inter alia* that no defective condition of the Premises existed, that Lighthouse did not breach any duty of care owed to Plaintiff, that no action or inaction on the part of Lighthouse caused or contributed in any manner to the damages, injuries and/or losses alleged, and that if Plaintiff sustained any injuries, damages, or losses as alleged in the Complaint, Plaintiff caused or substantially contributed to those damages, injuries and/or losses, and/or those damages, injuries and/or losses were caused by the actions of a third party over whom Lighthouse has no control and/or by intervening, superseding acts or events. *See* Ex. 2 at pp. 22-25.

20.     Lighthouse incorporates by reference its Answer to Plaintiff's Complaint with Affirmative Defenses.

21.     Lighthouse denies all allegations of negligence. However, in the event Plaintiff's allegations are proven at the time of trial, and the factfinder determines that Plaintiff's alleged injuries were caused by negligence, Lighthouse maintains that Third-Party Defendant Pyramid is liable over to Lighthouse for indemnification and/or contribution pursuant Pennsylvania common law and contract.

**B.  History of the Premises and Ramp/Walkway**

22.     Lighthouse purchased the Premises in or around 2018.

23.     The Premises is a Low-Income Housing Tax Credit ("LIHTC") property and affordable housing community known as Country Commons, which participates in the United

5

States Department of Housing and Urban Development's ("HUD") Housing Choice Voucher Program.

24. The ramp and walkway where Plaintiff's alleged fall occurred were constructed as part of a larger tax credit rehabilitation of the Premises completed in 2019 ("Construction Project").

25. Pyramid was engaged to serve as General Contractor for the Construction Project at Country Commons. A copy of the Standard Form Agreement for the Construction Project, without exhibits or addenda, is attached hereto as Exhibit 3 (the "Contract").[1] A copy of the General Conditions of the Contract for Construction is attached hereto as Exhibit 4 (the "Contract Conditions").

26. The Contract was entered into between Lighthouse's parent, OAHS, as the "Owner" and Pyramid as the "Contractor." *See* Ex. 3 at p. 1.

27. The Contract identifies Country Commons Apartments, 3338 Richlieu Road, Bensalem, PA 190[]20 as the "Project" and location for which the Construction Project was to be performed. *See id.*

28. The Contract provides that the Contract Documents include various documents including the Contract, Contract Conditions, drawings, specifications, and addenda, all of which are made part of the Contract. *See id.* at p. 3, Art. 1.

29. The Contract provides that "The Contractor shall fully execute the Work described in the Contract Documents, except as specifically indicated in the Contract Documents to be the responsibility of others. For the avoidance of doubt, the Work includes all services and deliverable

---

[1] Pricing information has been redacted from the Contract.

reasonably inferable from the Contract documents to fulfill the Contractor's obligations, except for items specifically excluded from the Contractor's scope." *Id.* at p. 3, Art. 2.

30.     The Contract Conditions defined the "Work" as "the construction and services required by the Contract Documents, whether completed or partially completed, and includes all other labor, materials, equipment and services provided or to be provided by the Contractor to fulfill the Contractor's obligations. The Work may constitute the whole or part of the Project. For the avoidable of doubt, the Work includes all services and deliverables reasonably inferable from the Contract Documents to fulfill the Contractor's obligations, except for items specifically excluded from the Contractor's scope." *See* Ex. 4 at p. 9, § 1.1.3.

31.     The Contract Conditions provide that the Contractor "shall perform the Work in accordance with the Contract Documents." *Id.* at p. 11, § 3.1.2.

32.     The Contract Conditions provide that the Contractor "shall supervise and direct the Work, using the Contractor's best skill and attention. The Contractor shall be solely responsible for, and have control over, construction means, methods, techniques, sequences and procedures and for coordinating all portions of the Work under the Contract, unless the Contract Documents give other specific instructions concerning these matters. *Id.* at p. 12, § 3.3.1.

33.     The Contract Conditions provide that the Contractor "shall be responsible to the Owner for acts and omissions of the Contractor's employees, Subcontractors and their agents and employees, and other persons or entitles performing portions of the Work for, or on behalf of, the Contractor of any of its Subcontractors." *Id.* at p. 12, § 3.3.2.

34.     The Contract Conditions provide that "[t]he Contractor shall be responsible for portions of Work already performed to determine that such portions are in proper condition to receive subsequent work." *Id.* at p. 12, § 3.3.3.

35. The Contract Conditions provide that "[t]he Contractor warrants to the Owner and Architect that materials and equipment furnished under the Contract will be of good quality and new unless the Contract Documents require or permit otherwise. The Contractor further warrant that the Work will conform to the requirements of the Contract Documents and will be free from defects, except for those inherent in the quality of the Work the Contract Documents require or permit. Work, materials, or equipment not conforming to these requirements may be considered defective. . . .  In addition, the Contractor warrants that it shall perform the Work with the care, skill and judgment used by other professional contractors executing projects of similar size and complexity in the same jurisdiction, and further warrants that the Work will comply with applicable law. *Id.* at p. 13, § 3.5.

36. The Contract Conditions provide that "[t]he Contractor shall comply with and give notices required by applicable laws, statutes, ordinances, codes, rules and regulations, and lawful orders of public authorities applicable to performance of the Work." *Id.* at p. 13, § 3.7.2.

37. The construction drawings for the Construction Project, which were incorporated into the Contract, provide for a Type 2 ADA Ramp at various locations, including outside of Building H. They further provide that the slope of the ADA ramps shall not exceed 1:12 (or 8%) slope. *See* Ex. 3 at p. 8, § 9.1.6.

38. The construction drawings for the Construction Project provide that all new handicap ramps, including the subject ramp, were to be designed and built by Pyramid, as General Contractor.

39. To the extent Plaintiff's allegations against Lighthouse—which are denied—are proven at the time of trial, Plaintiff's injuries were caused, in whole or in part, by the fault or

negligence of Pyramid and its failure to abide by its obligations set forth in the Contract Documents, including but not limited to:

    a.    Constructing the ramp/walkway with an improper/excessively steep slope or elevation;

    b.    Failing to construct the ramp/walkway in accordance with applicable plans and drawings;

    c.    Failing to construct the ramp/walkway in accordance with applicable codes and standards as set forth in Plaintiff's Complaint;

    d.    Constructing and/or installing the ramp/walkway and handrails utilizing sub-bar methods and/or materials, resulting in premature deterioration, cracking, and/or crumbling of the pavement;

    e.    Constructing and/or installing the ramp/walkway and handrails in a way that created an unstable and/or uneven walking surface;

    f.    Failing to place and/or erect appropriate barriers and/or safeguards on the ramp/walkway;

    g.    Failing to construct and/or install the ramp/walkway in a skillful and workmanlike manner;

    h.    Failing to properly select, hire, communicate with, supervise, oversee, monitor, and/or inspect the work of employees, agents, contractors and/or subcontractors tasked with constructing and/or installing the ramp/walkway and/or handrails;

    i.    Failing to hire and/or retain competent and qualified employees, agents, contractors and/or subcontractors to construct and/or install the ramp/walkway and/or handrails;

    j.    Failing to properly notify Lighthouse of issues and/or problems with the construction and/or installation of the ramp/walkway and/or handrails;

    k.    Failing to comply with the Contract Documents, including the drawing specifications regarding the construction of slope of ADA ramps, *see* Ex. 4 at p. 11, § 3.1.2;

    l.    Failing to properly supervise, direct, and coordinate the Work using its best skill and attention, *see id.* at p. 12, § 3.3.1;

  m. Failing to appropriately confirm that completed work was in proper condition to receive subsequent work, *see id.* at p. 12, § 3.3.3;

  n. Failing to ensure that the materials and equipment provided were of good quality, *see id.* at p. 13, § 3.5;

  o. Failing to ensure that the Work was free from defects, *see id.* at p. 13, § 3.5;

  p. Failing to exercise the care, skill, and judgment used by other professional contractors executing projects of similar size and complexity, *see id.*; and

  q. Failing to ensure that all work performed complied with applicable laws, statutes, ordinances, codes, rules, and regulations, *see id.* p. 13, §§ 3.5, 3.7.2.

40. The Contract Conditions contain an Indemnification provision, which provides, in relevant part, as follows:

**§ 3.18 INDEMNIFICATION**

**§ 3.18.1.** To the fullest extent permitted by law the Contractor shall indemnify and hold harmless the Owner, Architect, Architect's consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity that would otherwise exist as to a party or person described in this Section 3.18.

. . .

*Id.* at p. 17, § 3.18.

41. Given that (1) the Premises, which is owned by Lighthouse, is designated as the Project for which the work was to be performed in the Contract and was the location where the Work was actually performed, (2) the indemnification provision includes protections not just for the Owner but also the Owner's agents and employees for, *inter alia*, claims for bodily injury

relating to negligence in connection with the work performed, (3) Lighthouse is the wholly-owned subsidiary of OAHS, the indemnification provision set forth in the Contract Conditions applies to Lighthouse is an intended third-party beneficiary

42. The Contract requires Pyramid to provide indemnification to Lighthouse in connection with the claims Plaintiff has asserted against Lighthouse in this matter.

43. Pennsylvania common law likewise provides requires Pyramid to provide contribution and/or indemnification to Lighthouse.

44. As a result of Pyramid's negligent acts, omissions, breaches and/or other wrongdoing, Lighthouse has and will incur losses, fees, expenses and costs with respect to Plaintiff's alleged claims.

45. All conditions precedent to these claims have occurred, been performed or otherwise waived by Pyramid.

## COUNT I
## CONTRACTUAL INDEMNIFICATION
**Lighthouse Country Commons, LLC v. Pyramid ETC Companies, LLC**

46. Lighthouse incorporates prior paragraphs 1 through 45 as if set forth fully herein at length.

47. For the purpose of this claim for contractual indemnification only, Lighthouse incorporates by reference the factual averments of Plaintiff's Complaint, but it does not adopt or admit them. On the contrary, Plaintiff's allegations regarding the presence of an alleged dangerous and/or defective condition are expressly denied.

48. Pursuant to the Contract Documents, including the Contract Conditions, Pyramid agreed to indemnify and hold Lighthouse harmless from bodily injury claims resulting from the

negligent acts and omissions of Pyramid and its subcontractors' agents and employees, including Plaintiff's claims asserted herein. *See* Ex. 4 at p. 17, § 3.18; *see generally* Ex. 1.

49. If Plaintiff suffered damages, injuries, and/or losses as alleged in Plaintiff's Complaint, then such damages, injuries, and/or losses were caused solely and/or partly by the acts, omissions, and/or negligence of Third-Party Defendant Pyramid, either directly or through the acts of its subcontractors, agents and/or employees, and were not caused by Lighthouse.

50. While Lighthouse denies all allegations of negligence and carelessness, in the event Lighthouse is found liable to Plaintiff, then Third-Party Defendant Pyramid is liable over to Lighthouse for contractual indemnity, for all, or, alternatively, part, of Plaintiff's damages.

**WHEREFORE**, Third-Party Plaintiff Lighthouse Country Commons, LLC denies all liability and requests judgment be entered in its favor and against Third-Party Defendant Pyramid ETC Companies, LLC, or, in the alternative, that Third-Party Defendant Pyramid ETC Companies, LLC be held liable over to Lighthouse Country Commons, LLC as Third-Party Plaintiff on the causes of action set forth in Plaintiff's Complaint, along with such other and further relief as the Court deems just and appropriate, including all recoverable costs, fees, and expenses.

### COUNT II
### COMMON LAW CONTRIBUTION AND/OR INDEMNIFICATION
**Lighthouse Country Commons, LLC v. Pyramid ETC Companies, LLC**

51. Lighthouse incorporates prior paragraphs 1 through 51 as if set forth fully herein at length.

52. For the purpose of this claim for common law indemnification/contribution only, Lighthouse incorporates by reference the factual averments of Plaintiff's Complaint, but it does not adopt or admit them. On the contrary, Plaintiff's allegations regarding the presence of an alleged dangerous and/or defective condition are expressly denied.

53. If Plaintiff suffered damages, injuries, and/or losses as alleged in Plaintiff's Complaint, then such damages, injuries, and/or losses were caused solely and/or partly by the acts, omissions, and/or negligence of Third-Party Defendant Pyramid, either directly or through the acts of its subcontractors, agents and/or employees, and were not caused by Lighthouse.

54. While Lighthouse denies all allegations of negligence, in the event Lighthouse is found liable to Plaintiff, then Third-Party Defendant Pyramid is liable over to Lighthouse for indemnity and/or contribution, for all, or, alternatively, part, of Plaintiff's damages.

**WHEREFORE**, Third-Party Plaintiff Lighthouse Country Commons, LLC denies all liability and requests judgment be entered in its favor and against Third-Party Defendant Pyramid ETC Companies, LLC, or, in the alternative, that Third-Party Defendant Pyramid ETC Companies, LLC be held liable over to Lighthouse Country Commons, LLC as Third-Party Plaintiff on the causes of action set forth in Plaintiff's Complaint, along with such other and further relief as the Court deems just and appropriate, including all recoverable costs, fees, and expenses.

## JURY DEMAND

Third-Party Plaintiff, Lighthouse Country Commons, LLC, hereby demands trial by jury on all issues so triable.

Respectfully submitted,

Date: 1/17/2025

**CLARK HILL PLC**

*/s/ Robin S. Weiss*
Robin S. Weiss (PA Bar No. 312071)
Stephen M. Wolf (PA Bar No. 321070)
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Phone: (215) 640-8500
Fax: (215) 640-8501
Email: rsweiss@clarkhill.com

smwolf@clarkhill.com

*Attorneys for Defendant, Lighthouse Country Commons, LLC*