IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATRINA GREEN, | : |
| | : |
| Plaintiff, | : |
| v. | : Case No. 2:24-cv-06330-GAW |
| LIGHTHOUSE COUNTRY COMMONS, LLC; | : |
| | : |
| UNITED STATES OF AMERICA; | : |
| | : |
| PYRAMID ETC COMPANIES, LLC; | : |
| | : |
| AVELINO CONSTRUCTION, INC.; | : |
| ORBACH AFFORDABLE MANAGEMENT, LLC; | : |
| | : |
| ABC CORPORATION #1; | : |
| | : |
| ABC CORPORATION #2; | : |
| | : |
| ABC CORPORATION #3; | : |
| | : |
| JOHN DOES and JANE DOES #1-10; | : |
| | : |
| Defendants. | : |
| | |
| LIGHTHOUSE COUNTRY COMMONS, LLC, | : |
| | : |
| Third-Party Plaintiff, | : |
| v. | : |
| | : |
| PYRAMID ETC COMPANIES, LLC, | : |
| | : |
| Third-Party Defendant | : |

## **OPINION**

Katrina Green ("Plaintiff") brings this action against the United States of America (*inter alia*) with respect to its alleged relationship to defendant Lighthouse County Commons, LLC ("Lighthouse"). Plaintiff has alleged violations of the Federal Tort Claims Act ("FTCA"), against the United States of America. Plaintiff also brings two separate state claims against non-

1

government Defendants under supplemental jurisdiction. For the following reasons, the United States of America's Motion to Dismiss (the "Motion" at Dkt. #37) is granted with respect to the FTCA claim. This Court declines to exercise pendent jurisdiction over Plaintiff's derivative state-law claims, and therefore all remaining claims against the remaining Defendants are dismissed without prejudice.

**I.   Factual Background**

On May 26, 1977, the United States Department of Housing and Urban Development ("HUD") entered a Housing Assistance Payments Contract ("HAP")[1] with Richelieu Associates to maintain and control 3338 Richlieu Road, Bensalem, PA 19020 ("the Property"). (Dkt. #37-4, at 1). Per the agreement, the owner of the Property is responsible for the maintenance and operation of the Property. The HAP contract provides:

> The owner agrees (1) to maintain and operate the Contract Units and related facilities so as to provide Decent, Safe, and Sanitary housing, and (2) to provide all the services, maintenance and utilities set for in exhibit C.

(Dkt. #37-4. Ex. 3 § 1.7 (a)). The HAP Contract explicitly provides that the owner ("Lighthouse") is not an agent of HUD. (Dkt. #37-1. at 4). Pursuant to the HAP Contract, Lighthouse is responsible for maintaining the Property in decent, safe, and sanitary condition according to HUD's regulatory requirements. *Id.* HUD has never performed maintenance on the Property. *Id.* This contract was later reassigned from Richelieu Associates to Lighthouse on September 28, 2012, and subsequently renewed on July 11, 2018. (Dkt. #37-5, at 1; Dkt. #37-6, at 3). Lighthouse has since retained control of the Property.

On November 28, 2022, Plaintiff suffered injuries at her residence related to a damaged section of walkway in the common area of the Property. (Dkt. #26. at 1-3). Plaintiff asserts that the United States, acting through the Department of Housing and Urban Development (HUD), is

---

[1]   *See* 24 C.F.R. § 983.351 (2024) (The HAP contract is used to provide Section 8 tenant-based assistance under the housing choice voucher program of the U.S. Department of Housing and Urban Development)

responsible for the proper upkeep of the Property, and its negligent failing to do so warrants relief under FTCA. (*Id.* at 81-106). In response, the United States filed a motion to dismiss, arguing this Court lacks subject matter jurisdiction under the FTCA, because Lighthouse is an independent contractor of HUD rather than an agent or employee.

## II.     Legal Standard

A motion to dismiss brought under Rule 12(b)(1) challenges the existence of the courts subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When presented with a 12(b)(1) motion, the plaintiff bears the burden of proof to show that jurisdiction does, in fact, exist. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). In reviewing a 12(b)(1) motion, this Court is free to consider evidence outside the pleadings to resolve factual issues bearing on the jurisdictional issue. *Gould Electronic, Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000). A court may properly consider whether the FTCA's independent contractor exception is applicable on a motion to dismiss pursuant to Rule 12(b)(1) because the motion raises jurisdictional issues. *See Norman v. United States*, 111 F.3d 356, 357 (3d Cir. 1997) (affirming judgment of the lower court dismissing a FTCA claim under Rule 12(b)(1) due to tortfeasor's independent contractor status).

## III.    Analysis

Generally, unless the United States consents to be sued, it is protected under sovereign immunity. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA provides a limited waiver of the United States's sovereign immunity, stating:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674; *see also Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997) ("[t]he Federal Torts Claims Act is a partial abrogation of the federal government's sovereign immunity that permits suits for torts against the United States").

The FTCA does not create an independent federal cause of action; instead, it incorporates state tort law as the source of substantive liability. *See Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (holding that the United States, as deemed employer of volunteer physicians, stood in shoes of free nonprofit health center in answering for alleged tortious conduct of volunteer physicians). There are several ways the United States can expose itself to liability. One way, like in *Lomando,* is when it has been deemed an employer to the party who caused injury. When the United States is deemed to be an employer, the FTCA serves as the exclusive remedy for tort claims involving their employees. *Id.* at 373. In such cases, the United States is treated the same as a private employer and is subject to liability comparable to that imposed under the doctrine of *respondeat superior*. *Id.*

However, this waiver of liability is not without its limits. The United States Court of Appeals for the Third Circuit, as well as the Courts of the Eastern District of Pennsylvania, have recognized the "independent contractor exception." This rule acts as an exception to the waiver of sovereign immunity provided by the FTCA. *Dalessio v. US Dep't of Housing & Urban Dev.*, 528 F. Supp. 3d 341 (2021 E.D.Pa) (Quinones Alejandro, J.) (citing *Norman,* 111 F.3d 356.).[2] Government employee, defined under 28 U.S.C. § 2671, has been interpreted to *not* include independent contractors. *See Norman v. United States*, 111 F.3d 356, 357 (3d Cir. 1997).

To determine if an entity or individual is a federal employee or independent contractor, the court examines whether the government has the power "to control the detailed physical performance of the contractor." *United States v. Orleans*, 425 U.S. 807, 814 (1976) (citing *Logue v. United States*, 412 U.S. 521, 528 (1973)). The question is not whether the contracted party receives federal money and must comply with federal standards and regulations but asks if its day-

---

[2] The Third Circuit relied on § 1346(b), which provides that the district court shall have exclusive jurisdiction over the United States on claims for money damages and for personal injury caused by the negligence, wrongful act, or omission of any government employee that occurred in the scope of their respective employment. *Id* at 346; *see also* 28 U.S.C. § 1346(b).

4

to-day operations are supervised by the federal government. *Id.* Broad governmental oversight is not sufficient to elevate a government vendor or service provider from independent contractor to employee status for the purpose of the FTCA. *Smiley v. Artisan Builders*, No. CIV.A. 13-7411, 2015 WL 3948044, at *4 (E.D. Pa. June 26, 2015) (Jones II, J).

Here, the Court must ascertain the nature of HUD's contractual relationship to Lighthouse, as it relates to the Property. Plaintiff argues that the HAP contract between HUD and Lighthouse, in particular the provisions that allow HUD to inspect the Property and approve of "capital repairs," establishes an employer/employee relationship that imposes a duty of care onto the United States. (Dkt. #26. at 22). The United States argues that HUD and Lighthouse do not have the requisite contractual relationship to advance an FTCA claim. The Court agrees with the United States.

The declaration of Rebecca Hodnett ("Hodnett"), senior account executive for HUD, best explains the contractual relationship between HUD and Lighthouse.[3] The HAP Contract explicitly provides that Lighthouse is not an agent of HUD. (Dkt. #37-1. at 4). Pursuant to the HAP Contract, Lighthouse is responsible for maintaining the Property in decent, safe, and sanitary condition according to HUD's regulatory requirements. *Id.* HUD has never performed maintenance on the Property. *Id.* The HAP contract which Hodnett refers to states:

> The owner agrees (1) to maintain and operate the Contract Units and related facilities so as to provide Decent, Safe, and Sanitary housing, and (2) to provide all the services, maintenance and utilities set for in exhibit C.

(Dkt. #37-4. Ex. 3 § 1.7 (a)). The renewal contract contains similar language:

> The owner warrants that the rental units to be leased by the owner under the renewal contract are in decent, safe and sanitary condition, as defined by HUD, and shall be maintained in such a condition during the term of the renewal contract.

---

[3]   In reviewing a 12(b)(1) motion, this Court is free to consider the declaration of Rebecca Hodnett to resolve factual issues bearing on the jurisdictional issue. *See Gould Electronic, Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000).

(Ex. 5, § 6(b)). These contractual provisions taken in conjunction with Hodnett's declaration, lead the court to conclude that HUD does not control the physical performance or "day-to-day" actions of Lighthouse. *Compare Orleans*, 425 U.S. 807, 814. A similar action brought before the Eastern District has been decided in the same manner. *See Dalessio.* 528 F. Supp. 3d at 344. (Where the evidence showed that a private company had exclusive responsibility and control over the maintenance and safety of the HUD Property where Plaintiff suffered his fall and was injured, the independent contractor exception to the FTCA applied, the claim was dismissed for lack of subject matter jurisdiction granting a 12 (b)(1) motion).

   Plaintiff's reference to HUD's ability to inspect and approve "capital repairs" misinterprets what is required for a FTCA claim. What matters is the contract before this Court fails to meet the "day-to-day" oversight standard described in *Orleans* that would pierce the United States sovereign immunity. This Court's own research identified *Dugan v. Coastal Indus., Inc.*, 96 F. Supp. 2d 481 (E.D. Pa. 2000), as an example of the level of federal oversight needed to evade the independent contractor exception.[4] The contract in *Dugan* placed key responsibilities on the United States such as trash patrol, light replacement, ice removal, and notifying the contractor of need for emergency services. *Id.* at 484. The Court saw this as an example of "day-to-day" oversight which imposed a duty of care on the United States.

   In contrast, the HAP contract in this case, contextualized by the declaration of Hodnett, lacks indicators of continuous operational control over the Property imposed onto the United States. The HAP contract before this Court explicitly states that Lighthouse is not an agent of HUD and assigns all maintenance obligations to Lighthouse. Unlike *Dugan*, there is no evidence that HUD retained or exercised direct and ongoing authority over the physical upkeep of the Property.

---

[4]    Plaintiff's response in opposition to the motion of the defendant is confounding. (Dkt. #40). Nearly every case cited by the Plaintiff was decided in a manner sought by the Defendant.

It is clear to the Court that Lighthouse had exclusive control over the Property in question and is therefore an independent contractor to HUD. Nothing in the record permits the Court to then infer that HUD had the power "to control the detailed physical performance of the contractor." *Orleans*, 425 U.S. at 814. Therefore, Plaintiff's claim against the United States is barred under the facts alleged. This Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state claims against other Defendants. See *Shaffer v. Board of School Directors of Albert Gallatin Area School Dist.*, 730 F.2d 910, 913 (3d Cir. 1984).

### IV. Conclusion

Motion to Dismiss is Granted. Plaintiffs Complaint is dismissed with prejudice, on Count III under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. All of Plaintiff's state law claims against other Defendants are dismissed without prejudice.[5]

DATED: July 23, 2025

BY THE COURT:

_____
GAIL WEILHEIMER           J.

---

[5] The United States also requested this Court to stay discovery. Because this Court is granting the Motion to Dismiss, it need not address that request separately and the Motion is dismissed as MOOT. This Court does wish to make litigants aware that this Court's guidelines state that a motion to dismiss, which would dismiss a party entirely, serves to excuse that party from discovery responses while that motion is pending.